```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA             :
                                     :    18 CR 14 (VM)
     - against -                     :
                                     :    ORDER
STEVEN ARENA,                        :
                                     :
               Defendant.            :
------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: April 4, 2020

**VICTOR MARRERO, United States District Judge.**

The Court sentenced defendant Steven Arena ("Arena") to 366 days' imprisonment followed by 3 years' supervised release. (See Dkt. Minute Entry dated 11/15/2019.) Arena is serving his sentence in FMC Devens.

Arena requested immediate compassionate release pursuant to 18 U.S.C. Sections 4205(g) and 3582(c)(1)(A) on March 18, 2020 and March 19, 2020, due to the COVID-19 pandemic (the "Motion"). He noted in his Motion that he had not exhausted his administrative remedies within the Bureau of Prisons ("BOP") but argued that the Court should excuse his failure to exhaust due to the urgency of his situation. By Order dated March 20, 2020, the Court denied his request. (See Dkt. No. 353.)

By letter dated April 3, 2020 ("April 3 Letter"), Arena renewed his Motion for immediate compassionate release. He noted that he has many "medical conditions that make him especially at risk for contracting a severe and deadly form

of COVID-19." (April 3 Letter at 1.) He argues that his current sentence of a year and a day would, if he contracted COVID-19, effectively be a death sentence.

The Court is entirely sympathetic to the plight of Arena and other inmates in his position. Nevertheless, the Court is constrained to deny his request. There is simply no authority that permits Arena to circumvent the administrative exhaustion requirement. The statute -- passed as part of the First Step Act -- provides that courts may consider compassionate release motions only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). As the Supreme Court has instructed, "[w]here Congress specifically mandates, exhaustion is required." McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Furthermore, any argument that it would be futile for Arena to exhaust his administrative remedies is unavailing, given that the statute contains an express futility provision: the ability to seek judicial relief if the BOP has not acted within thirty days. 18 U.S.C. § 3582(c)(1)(A); see also Booth v. Churner, 532 U.S. 731, 741 n.6 (2001) ("[W]e will not read futility or other exceptions

into statutory exhaustion requirements where Congress has provided otherwise."); see also Theodoropoulos v. I.N.S., 358 F.3d 162, 172 (2d Cir. 2004) ("[C]ourts are required to strictly enforce statutory exhaustion requirements."). Although, as other courts in this District have noted, it is not yet clear under Second Circuit law whether the exhaustion requirement is jurisdictional or simply a statutory requirement, see United States v. Monzon, No. 99-cr-157, 2020 WL 550220, at *2 (S.D.N.Y. Feb. 4, 2020), it makes no difference here. The Court must deny Arena's request.

Counsel for Arena states that a representative from the BOP has told him that "a decision might take months to render, which would mean that my client would have to remain in prison until such time." (April 3 Letter at 1.) Not so. As discussed above, Congress incorporated a futility provision, which permits the Court to consider Arena's request thirty days after he applies for relief to the BOP. It is not clear whether, or when, Arena made his request to the BOP, and so the Court is thus unable to state with any certainty when it will be able to consider his Motion. The Court therefore encourages Arena to renew his Motion as soon as the statutory period of thirty days has elapsed.

Accordingly, it is hereby

**ORDERED** that the defendant's Motion is **DENIED**. Defendant may renew his request upon compliance with the terms of the statute.

**SO ORDERED.**

Dated:   New York, New York
         4 April 2020

                                          Victor Marrero
                                            U.S.D.J.