Case 1:18-cr-00014-VM   Document 370   Filed 05/21/20   Page 1 of 5

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: May 21, 2020

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES OF AMERICA           :
                                   :    18 CR 14 (VM)
     - against -                   :
                                   :    ORDER
STEVEN ARENA,                      :
                                   :
               Defendant.          :
-----------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

The Court sentenced defendant Steven Arena ("Arena") to 366 days' imprisonment followed by 3 years' supervised release. (See Dkt. Minute Entry dated 11/15/2019.) Arena is serving his sentence at the Federal Medical Center, Devens ("FMC Devens").

Arena requested immediate compassionate release pursuant to 18 U.S.C. Section 3582(c)(1)(A) ("Section 3582(c)(1)(A)") on March 18, 2020, March 19, 2020, and April 3, 2020, due to the COVID-19 pandemic (the "Motion"). He noted in his Motion that he had not exhausted his administrative remedies within the Bureau of Prisons ("BOP") but argued that the Court should excuse his failure to exhaust due to the urgency of his situation, highlighting his many medical conditions that make him especially at risk for contracting a severe form of COVID-19. In two separate Orders dated March 20, 2020 and April 4, 2020, the Court denied his request. (See Dkt. Nos. 353, 354.)

By letter dated May 14, 2020 ("May 14 Letter"), Arena renewed his Motion for immediate compassionate release. He attached to the May 14 Letter a transcribed version of the letter of denial from the Warden of FMC Devens and various medical records.[1] Arena informs the Court that he has now exhausted his administrative remedies, as the Warden received his request to be considered for compassionate release on March 27, 2020, and subsequently denied his request. (May 14 Letter at 1-2.) Arena notes that the Warden's denial fails to recognize certain of his health conditions, and that FMC Devens cannot treat one of them. (Id. at 2.) Arena more generally argues that because of his medical conditions, remaining imprisoned places him at an extreme risk. (Id. at 3.)

Pursuant to the Court's Order, the Government responded on May 19, 2020. ("Opposition.") The Government concedes that Arena suffers from multiple conditions that place him at high risk should he contract COVID-19. However, the Government argues that Arena has not demonstrated, as Section 3582(c)(1)(A) requires, an "extraordinary and compelling reason" that would warrant reducing his sentence. The Government notes that FMC Devens is a medical facility that

---

[1] The Court will file these records under seal and will direct both parties to file their motions in redacted form on ECF.

is well equipped to provide Arena with medical care, and argues that Arena has failed to show any deficiency in his care. (Opposition at 2.) FMC Devens has taken multiple precautions in light of COVID-19, including isolating affected individuals, requiring inmates to wear masks, and deploying screening measures; as of May 19, 2020, every inmate had been tested over the preceding few days. (Id. at 3.) The Government also points out that Arena has served only half of his sentence. (Id. at 4.)

The Court notes at the outset that it remains highly sympathetic to the many fears that COVID-19 presents to incarcerated individuals. The Court also assumes without deciding that Arena has demonstrated exhaustion, given that the Warden received his request on March 27, 2020.[2] However, before reducing a term of imprisonment or supervised release, the Court must consider the factors set forth in 18 U.S.C. Section 3553(a) and find that "extraordinary and compelling reasons warrant such a reduction." See Section 3582(c)(1)(A)(i). Section 1B1.13 of the United States Sentencing Guidelines ("Section 1B1.13") provides guidance on the circumstances under which "extraordinary and compelling

---

[2] See United States v. D'Acunto, No. 18-CR-14, 2020 WL 1904007, at *1-2 (S.D.N.Y. Apr. 16, 2020) (noting ambiguity in the law regarding exhaustion).

3

reasons" exist, including, but not limited to, serious medical conditions. Section 1B1.13 Application Note 1(A)(i).

Ultimately, the Court finds that Arena has not demonstrated that extraordinary and compelling reasons warrant a reduction in sentence at this time. Arena has not shown that the steps taken by FMC Devens are inadequate, and as the Government notes, Arena is already in a setting that is designed to provide him with prompt medical care. While Arena argues that the Warden's denial ignores certain of his medical conditions, he does not argue that FMC Devens is unable to treat those conditions. And while Arena cites to records suggesting that only one physician is able to treat another condition, the Warden specifically cited that condition in his denial and stated that FMC Devens is able to manage it. While the Court understands Arena's concerns, it is persuaded that FMC Devens is taking precautions as necessary. See, e.g., United States v. Brady, No. 18 CR 316, 2020 WL 2512100, at *3-4 (S.D.N.Y. May 15, 2020) (acknowledging serious nature of defendant's medical conditions but denying compassionate release where conditions stable and managed in BOP facility); United States v. Garcia, No. 18 CR 802, 2020 WL 2468091, at *5-6 (S.D.N.Y. May 13, 2020) (denying compassionate release to defendant with

4

asthma, hypertension, and heart conditions housed in facility with 40 documented cases of virus).

The Court recognizes that medical conditions at FMC Devens conceivably could change materially, so that the facility would be unable to provide Arena with health care appropriate to his needs. If Arena is able to present sufficient evidence supporting such a showing, he may renew the motion at that time.

Accordingly, it is hereby

**ORDERED** that the motion of defendant Steven Arena for compassionate release is **DENIED**. The Government and Arena are directed to submit redacted versions of their submissions on ECF.

**SO ORDERED.**

Dated:  New York, New York
        21 May 2020

_____
Victor Marrero
U.S.D.J.