USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  June 23, 2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA          :
                                  :
     - against -                  :     18 CR 14 (VM)
                                  :
STEVEN ARENA,                     :     **ORDER**
                                  :
               Defendant.         :
------------------------------------X

**VICTOR MARRERO, United States District Judge.**

The Court sentenced defendant Steven Arena ("Arena") to 366 days' imprisonment followed by 3 years' supervised release. (See Dkt. Minute Entry dated 11/15/2019.) Arena is serving his sentence in FMC Devens.

Arena requested immediate compassionate release on March 18, 2020 and March 19, 2020 pursuant to 18 U.S.C. Section 3582(c)(1)(A) ("Section 3582"). The Court denied the motion on the ground that Arena had not demonstrated exhaustion of administrative remedies, as required by the statute. (See Dkt. No. 353.) Arena renewed his motion on April 3, 2020, and the Court again denied his request. (See Dkt. No. 354.) By letter dated May 14, 2020, Arena renewed his motion and informed the Court that he had exhausted his administrative remedies. The Government opposed the motion on the ground that Arena had not demonstrated, as Section 3582 requires, an "extraordinary and compelling reason" that would justify reducing his sentence. The Court denied Arena's request, agreeing that Arena had not shown that the steps taken by FMC Devens were inadequate or that he

was not being treated for his medical conditions. (See Dkt. No. 370.)

Arena now moves again, pro se, for compassionate release. (See "Motion," Dkt. No. 374.) In support of his Motion, he states that he has exhausted his administrative remedies and that extraordinary and compelling reasons "previously unknown" justify a reduction in his sentence, namely, (1) his medical issues, (2) his likely death if he contracts COVID-19, (3) his increased chances of contracting COVID-19 while imprisoned, and (4) the non-violent nature of his charge.

The Court will deny the Motion. Despite Arena's characterization of these factors as previously unknown, the Court already considered, and rejected, each of these arguments in its previous decisions. The Warden of FMC Devens acknowledged each of the medical conditions listed by Arena and found that "FMC Devens is able to manage [his] medical needs at this time." (Motion Ex. A.) Arena has not demonstrated that conditions have changed at FMC Devens such that the facility is no longer able to provide health care appropriate to meet his needs. Nor has Arena pointed to any change in the risk he faces of contracting COVID-19 compared to earlier in the pandemic.

Reconsideration of a previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." United States v. Rutigliano, No. 11 CR 1091, 2016 WL 2727317, at *2 (S.D.N.Y.

Apr. 26, 2016) (quoting <u>In re Health Mgmt. Sys. Inc. Sec. Litig.</u>, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). To succeed, the request for reconsideration must "set[] forth concisely the matters or controlling decisions which [the movant] believes the Court has overlooked." Local Crim. R. 49.1. Nothing Arena brings to the Court's attention was previously overlooked. Accordingly, the Court will deny the Motion.

Finally, because Arena has not demonstrated that he meets the statutory requirements for compassionate release, the Court will also deny his request for the appointment of counsel.[1]

Accordingly, it is hereby

**ORDERED** that defendant Steven Arena's motion for compassionate release and appointment of counsel (Dkt. No. 374) is **DENIED**. The Clerk of Court is respectfully directed to mail a copy of this Order to defendant Steven Arena.

**SO ORDERED.**

Dated:  New York, New York
        23 June 2020

Victor Marrero
U.S.D.J.

---

[1] Arena appears to cite a standing order from the District of Massachusetts. (Motion at 3 (citing General Order 20-17, <u>In re: Coronavirus Public Emergency</u> (D. Mass. Apr. 23, 2020)).) Even if this order were binding on this Court, it pertains to the appointment of counsel for indigent defendants, and Arena does not argue that he is now indigent.