```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: August 18, 2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA        :
                                :
    - against -                 :    18 CR 14 (VM)
                                :
STEVEN ARENA,                   :    **ORDER**
                                :
            Defendant.          :
------------------------------------X

**VICTOR MARRERO, United States District Judge.**

The Court sentenced defendant Steven Arena ("Arena") to 366 days' imprisonment followed by 3 years' supervised release. (See Dkt. Minute Entry dated 11/15/2019.) Arena is serving his sentence in FMC Devens.

By letter dated August 11, 2020 and submitted to the Court via email, Arena requested the release of medical records from the Bureau of Prisons. (See "Motion."[1]) Counsel attached copies of medical records that "curiously omitted" certain test results. (Id.) Arena also requested that he be released to home confinement. By letter dated August 17, 2020 and submitted to the Court via email, the Government responded to Arena's request. (See "Opposition.") The Government points out that the medical records claimed to be missing from Arena's files are actually contained in the records

---

[1] Because the records and the Motion contain sensitive health information, the Court will file these materials, and the Opposition, under seal.

accompanying Arena's Motion. The Government further argues that to the extent the Motion seeks reconsideration of the Court's prior decisions denying compassionate release, it should be denied.

The Court will deny the Motion. It does not appear from the medical records attached to the Motion that the test results are missing. Though there is a discrepancy regarding the date of one of the tests, the discrepancy is only two days, and the Court will not infer from this fact that the Bureau of Prisons is withholding medical records. Thus, unless Arena can demonstrate that he is receiving inadequate medical care, or that medical records are actually missing, there appears to be no basis for the Court to order relief.

Furthermore, to the extent the Motion seeks reconsideration of the Court's previous decisions denying compassionate release, the Court denies the Motion. Reconsideration of a previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." United States v. Rutigliano, No. 11 CR 1091, 2016 WL 2727317, at *2 (S.D.N.Y. Apr. 26, 2016) (quoting In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). To succeed, the request for reconsideration must "set[] forth concisely the matters or controlling decisions which [the

2

movant] believes the Court has overlooked." Local Crim. R. 49.1.

Nothing Arena brings to the Court's attention was previously overlooked. This is essentially Arena's sixth such motion, and he provides no new information and no basis for reconsidering the Court's previous decisions.[2] Arena has not even attempted to demonstrate that conditions have changed at FMC Devens such that the facility is no longer able to provide health care appropriate to meet his needs. Accordingly, the Court will deny the Motion.

Finally, the Court notes that another counsel retained by Arena, Joseph Ferrante, has indicated, by email dated August 17, 2020, that he will be submitting an updated motion on Arena's behalf. The Court would caution that the submission of a seventh motion for compassionate release is not likely to be successful unless counsel can demonstrate that Arena meets the requirements of the statute and that the factors listed under 18 U.S.C. Section 3553(a) weigh in favor of release.

---

[2] The procedural history is set forth in the Court's Orders dated June 23, 2020 and August 3, 2020. (See Dkt. Nos. 376, 393.)

3

**ORDERED** that defendant Steven Arena's motion for the return of medical records and for compassionate release (filed separately under seal) is **DENIED.**

**SO ORDERED.**

Dated:  New York, New York
        18 August 2020

Victor Marrero
U.S.D.J.